JUDGE LYNCH

08 CV 6269 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

POP II, LLC,

                Plaintiff,

      - against -                        ECF CASE

UNION SQUARE HOSPITALITY GROUP, LLC.,     COMPLAINT

                Defendant.

------------------------------------------------------------x

Plaintiff POP II, LLC, by its attorneys, Fried, Frank, Harris, Shriver & Jacobson LLP, for its complaint in this action alleges:

RECEIVED JUL 10 2008 U.S.D.C. S.D. N.Y. CASHIERS

### PARTIES AND JURISDICTION

1.      Plaintiff POP II, LLC ("POP II") is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business located at 58-60 Ninth Avenue, New York, New York 10011.

2.      On information and belief, defendant Union Square Hospitality Group, LLC ("USHG") is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business located at 24 Union Square East, New York, New York 10003.

3.      This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., and the common law of the State of New York.

4.      Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

## FIRST CAUSE OF ACTION

5. Plaintiff owns and operates POP BURGER restaurants at two locations in New York City. Plaintiff is the owner of U.S. Reg. No. 3,005,745 for the mark POP BURGER and U.S. Reg. No. 3,182,490 for the mark POP BURGER (stylized). A description of POP BURGER operations, menus, and restaurant services appears at the Internet web site associated with the universal resource locator http://www.popburger.com.

6. The first POP BURGER restaurant opened in 2003. The commercial success of plaintiff's first POP BURGER restaurant on Ninth Avenue was such that plaintiff invested millions to open a second POP BURGER restaurant on 58th Street between Fifth and Madison Avenues in 2008. A third POP BURGER restaurant is currently planned for a location on Broadway near Houston Street. Over time plaintiff expects to develop a chain of POP BURGER restaurants.

7. POP BURGER restaurants have served hundreds of thousands of customers over the past five (5) years. POP BURGER restaurant customers have included and include numerous celebrities including well-known current and former professional athletes. POP BURGER restaurants, and celebrity appearances at POP BURGER restaurants, have often been noted in newspaper and magazine articles. Plaintiff invests upwards of $70,000 annually on advertising and promotion of POP BURGER restaurants and restaurant services.

8. POP BURGER restaurants offer take-out restaurant services and serve burgers and foods typically consumed with burgers, including french fries. POP BURGER restaurants have served hundreds and thousands of orders of "fries" since 2003.

9. By reason of nearly five (5) years of continuous and substantially exclusive use, advertising, and promotion, the POP BURGER trade name and service mark has come to symbolize extensive goodwill associated with the business and services of POP BURGER restaurants owned

and operated by plaintiff. In the first six months of 2008 alone, plaintiff has generated more than $3.7 million in sales under the POP BURGER name and mark. Plaintiff's existing and future investments in POP BURGER restaurants depends critically on the reputation and goodwill that plaintiff has built up in the POP BURGER name and mark since 2003.

10. Defendant USHG is a direct competitor of POP II in the restaurant business in New York City. On July 9, 2008, plaintiff learned that USHG had adopted and intended to use POP FRIES as a purported designation for restaurant services offering french fries and other food and drink in New York City.

11. On information and belief, USHG adopted POP FRIES with full knowledge of plaintiff's prior use of POP BURGER and with bad faith intent to profit from goodwill associated with plaintiff's POP BURGER restaurants in New York City.

12. On information and belief, defendant proposes to use POP FRIES in New York City to identify exactly the same type of restaurant or take-out restaurant services as plaintiff has long identified using POP BURGER in New York City.

13. On information and belief, defendant proposes to use POP FRIES in New York City to offer restaurant services to exactly the same clientele as patronize POP BURGER restaurants in New York City.

14. On information and belief, defendant proposes to offer and sell in New York City under the name POP FRIES exactly the same types of food and beverage items as plaintiff has long offered and sold in New York City under the name POP BURGER.

15. The words "burger" and "fries" are generic terms for food items sold by plaintiff under the POP BURGER mark and, on information and belief, to be sold by defendant USHG under the POP FRIES mark.

16. The word "pop" is wholly arbitrary as applied to restaurant services or as applied to a restaurant serving hamburgers or french fries.

17. The sole distinctive portion of defendant's proposed name and service mark, POP FRIES, is identical to that of the existing POP BURGER restaurants in New York City.

18. Although defendant has not yet opened for business under the POP FRIES name, the mere announcement of defendant's proposed use of POP FRIES has already resulted in actual confusion in the marketplace.

19. Defendant's proposed use of POP FRIES is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval by plaintiff of defendant's goods, services, or commercial activities.

20. The conduct of USHG threatens POP II with irreparable harm for which POP II has no adequate remedy at law.

21. USHG is liable to POP II for registered service mark infringement in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION

22. Paragraphs 1-21, above, are realleged and incorporated by reference as if set forth in full.

23. Defendant is liable to POP II for violation of 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION

24. Paragraphs 1-23, above, are realleged and incorporated by reference as if set forth in full.

25. Paragraphs 1-24, above, are realleged and incorporated by reference as if set forth in full.

26. Defendant is liable to POP II for unfair competition under New York law.

WHEREFORE, plaintiff prays that the Court:

(i) declare, adjudge, and decree that defendant is liable to POP II for registered trademark and service mark infringement under 15 U.S.C. § 1114(1);

(ii) declare, adjudge, and decree that defendant is liable to POP II for violation of 15 U.S.C. § 1125(a);

(iii) declare, adjudge, and decree that defendant is liable to POP II for unfair competition under New York common law;

(iv) grant preliminary and permanent injunctions restraining defendant from engaging in any further acts constituting service mark infringement, trade name infringement, or unfair competition;

(v) award POP II its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(vi) award POP II such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 10, 2008

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By /s/ James W. Dabney
James W. Dabney
Victoria J. B. Doyle

One New York Plaza
New York, New York 10004-1980
Telephone: 212.859.8000

e-mail: james.dabney@friedfrank.com

Attorneys for Plaintiff
POP II, LLC

7074039